**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elise M. Kinsey, | No. CV-20-00763-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Allied Universal Security, et al., | |
| Defendants. | |

The Court has reviewed Plaintiff's "Motion to Amend Pleading Relief Serve Waiver of Service." (Doc. 14.)

The motion seems to request two types of relief. First, it appears that Plaintiff is having trouble serving one of the named defendants in this case, the Valley Metro Regional Public Transit Authority ("Valley Metro"), and is thus seeking a "waiver" of the requirement that Valley Metro be served. (*Id.* at 1.) This request will be denied. Rule 4(c)(1) of the Federal Rules of Civil Procedure provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed" by law. And although Rule 4(d) allows the service requirement to be waived by a defendant, it doesn't allow it to be waived at the unilateral request of a plaintiff.

Second, it also appears that Plaintiff wishes to amend her complaint to add new theories of damages and request new types of injunctive and other relief. (Doc. 14 at 4.) This request will be denied without prejudice. Because more than 21 days have elapsed since Plaintiff served Defendant Allied Universal Security ("Allied"), she cannot

amend her complaint as a matter of course—instead, she must obtain Allied's consent or seek leave of court. *See* Fed. R. Civ. P. 15(a). When doing so, she must comply with the procedural requirements of LRCiv 15.1, which include the need to provide a redlined version of the proposed new complaint that denotes how it differs from the original complaint. Those requirements haven't been satisfied here.

Accordingly,

**IT IS ORDERED** that Plaintiff's "Motion to Amend Pleading Relief Serve Waiver of Service" (Doc. 14) is denied.

Dated this 4th day of June, 2020.

Dominic W. Lanza
United States District Judge