**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elise M. Kinsey, | No. CV-20-00763-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Allied Universal Security, et al., | |
| Defendants. | |

June 23, 2020 was the deadline for the parties to submit a joint report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's April 28, 2020 order. (Doc. 11.)

Unfortunately, each party is accusing the other of refusing to confer. On June 22, 2020, pro se Plaintiff filed a motion to submit an individual case management report, averring that Defendant "has deliberately stalled" and then sent her "a pre-filled [joint case management report] which basically says nothing and resolves nothing." (Doc. 16 at 1.) On June 23, 2020, Defendant filed its own case management report, which states that "counsel for Defendant attempted to meet and confer with Plaintiff Elise Kinsey by telephone and email on several occasions between June 4 and June 23, 2020 to develop a joint case management report, without success." (Doc. 18 at 1.) Defendant elaborates as follows:

> After several unsuccessful attempts to reach Plaintiff, counsel for Defendant prepared a draft joint case management report and emailed it to Plaintiff on June 15, 2020 and requested Plaintiff's review and input. After counsel for Defendant did not hear from Plaintiff, he contacted Plaintiff by email on June

19, 2020 and requested Plaintiff's input to the draft joint case management report. On June 22, 2020, Plaintiff emailed counsel for Defendant and stated she submitted her own case management report with the Court. Counsel for Defendant telephoned Plaintiff on June 23, 2020 to see if Plaintiff, nonetheless, would still be willing to prepare a joint case management report. Counsel for Defendant received Plaintiff's voicemail and to date has not heard back or received any input from Plaintiff on a joint case management report.

(*Id.* at 2.)

It is unfortunate that the parties did not comply with the Court's order to confer and jointly file a report. Based on the parties' conflicting accounts, it does not appear that it would be worthwhile to insist on a joint filing. Plaintiff's motion to submit an individual report will be granted, and the Court will consider both parties' filings. However, this outcome should not be misconstrued as approving the conduct of whichever party or parties prevented compliance with the Court's order.

Additionally, Plaintiff has filed a motion for summary judgment. (Doc. 17.) A party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Plaintiff has failed to do this. Indeed, the two-page motion seems to focus on Plaintiff's disappointment with Defendant's conduct during the Rule 26(f) meet and confer process. The motion will be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to submit an individual case management report (Doc. 16) is granted.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (Doc. 17) is denied.

Dated this 24th day of June, 2020.

Dominic W. Lanza
United States District Judge