**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elise M. Kinsey, | No. CV-20-00763-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Allied Universal Security, et al., | |
| Defendants. | |

On September 18, 2020, the Court issued an order directing Plaintiff, who is proceeding *pro se*, to show cause why this action should not be dismissed due to her failure to provide her initial disclosures under the Mandatory Initial Discovery Pilot Program ("MIDP"), which were due in May 2020, and due to her failure to respond to multiple requests from Defendants' counsel to meet-and-confer about scheduling and discovery issues. (Doc. 25.) The order stated that, unless Plaintiff filed "both (1) a response and (2) proof of service of her mandatory initial disclosures" within 14 days, this action would be dismissed. (*Id.* at 3.)

Plaintiff has now filed a variety of responsive materials. First, she has filed a motion requesting permission to issue a subpoena to "Valley Metro RPTA" for certain video footage. (Doc. 26.) Second, she has filed a "Motion to Submit Evidence," which appears to be a request to submit flash drives to the Court and Defendants for reasons that are not entirely clear. (Doc. 27.) Third, she has filed a document entitled "Submission In Ex Parte," which the Clerk of Court docketed as a response to the order to show cause. (Doc.

28.) Although this document is not a model of clarity, it seems to set forth the following arguments and statements: (1) Plaintiff's MIDP disclosures are not yet due because of the "Judiciary order extending discovery conclusion dated April 23, 2021" and because "there was an extension on discovery presentation"; (2) Plaintiff was recently stranded in the heat for eight days and has experienced related health problems and "financial setbacks"; (3) Plaintiff didn't respond to some of Defendants' meet-and-confer inquiries because "[t]he defendants are conducting themselves in an unscrupulous manner and haven't posed any questions requiring a response" and didn't respond to other inquiries from Defendants because she either "never received a copy" or the inquiries were "embedded" within lengthy evidentiary disclosures; and (4) Plaintiff has experienced various technology issues, including that "Google shut down" her accounts (thereby "erasing all plaintiffs['] evidentiary documentation"), she responded by filing a complaint against Google with the FBI, and she only regained access to her email accounts a few weeks ago.  (*Id.* at 1.) Plaintiff also uses her letter to describe additional incidents in which Defendants allegedly harassed her.  (*Id.* at 2-3.)

Plaintiff's response is unsatisfactory.  The Court did not extend the deadline for providing initial disclosures under the MIDP.  That deadline expired in May 2020. Although Plaintiff's response refers to the April 2021 deadline specified in the scheduling order, that is the deadline for the *completion* of fact discovery, not the deadline for providing initial MIDP disclosures.

Plaintiff's excuses for failing to respond to Defendants' inquiries also ring hollow. Although Plaintiff is proceeding *pro se*, she is still expected to cooperate in the discovery process.  She chose to initiate this action by suing Defendants for money damages and Defendants are entitled to discovery to understand the basis for her claims.

Finally, although the Court is sympathetic to Plaintiff's financial and personal circumstances, as well as her frustration with dealing with technological issues, the Court is unwilling to accept that Google is the true culprit here and that Defendants should be forced to wait indefinitely for discovery—particularly discovery that was due months

ago—so Plaintiff can see how her request for an FBI investigation of Google plays out.

On this record, there would be ample justification to dismiss this action at this juncture. The order to show cause stated that, if Plaintiff did not provide proof of service of her MIDP disclosures within 14 days, the action would be dismissed. Plaintiff has not provided such proof. Nor has Plaintiff adequately explained her meet-and-confer failures. Nevertheless, given Plaintiff's status as a *pro se* litigant, the fact her non-compliance with her discovery obligations may have been based on a misinterpretation of the scheduling order (a misinterpretation this order seeks to correct), and the fact she attempted to respond to the order to show cause, she will be given one more opportunity to come into compliance.

Accordingly,

**IT IS ORDERED** that, within 10 days of the issuance of this order, Plaintiff must (1) provide her initial MIDP disclosures to Defendants (which cannot consist of simply mailing a flash drive to Defendants) and (2) file proof of service on the docket. If Plaintiff is unable to comply with these requirements—and even if the failure is due to the technological and financial issues discussed in her response—the Court will have no choice but to dismiss this action without prejudice. As noted, Defendants are entitled to basic information about Plaintiff's claims in order to properly defend themselves.

**IT IS FURTHER ORDERED** that, if Plaintiff timely provides her MIDP disclosures to Defendants and files proof of service on the docket but Defendants believe the disclosures are inadequate, they may file a motion to that effect. Any such motion must be filed within 14 days of receipt of Plaintiffs' MIDP disclosures and must include a copy of the actual disclosures. No response or reply may be filed.

…

…

…

…

…

**IT IS FURTHER ORDERED** that Plaintiff's motions (Docs. 26, 27) are **denied without prejudice**.  The Court will not address any motions until Plaintiff comes into compliance with her MIDP obligations.

Dated this 5th day of October, 2020.

_____
Dominic W. Lanza
United States District Judge