**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elise M. Kinsey,<br><br>            Plaintiff,<br><br>v.<br><br>Allied Universal Security, et al.,<br><br>           Defendants. | No. CV-20-00763-PHX-DWL<br><br>**ORDER** |

*Pro se* Plaintiff Elise M. Kinsey has repeatedly failed to follow the Court's orders and has not prosecuted this action in good faith. For the following reasons, the Court will dismiss this action without prejudice.

On March 6, 2020, Plaintiff initiated this action in state court. (Doc. 1-2 at 2.) On April 20, 2020, Defendant Allied Universal Security ("Defendant")[1] removed the action to this Court. (Doc. 1.) The Court promptly issued a notice to the parties that this case is subject to the Mandatory Initial Discovery Pilot Program ("MIDP"), including the full text of General Order 17-08, which established the MIDP and provided instructions, as well as a helpful checklist. (Doc. 4.) Pursuant to the MIDP, the parties must provide Court-ordered MIDP responses,[2] which "must be based on the information then

---

[1] The only other Defendant in this action, Valley Metro Regional Public Transit Authority, was terminated on July 28, 2020 due to Plaintiff's failure to serve process. (Doc. 23.)

[2] The MIDP's discovery obligations "supersede the disclosures required by Rule 26(a)(1) and are framed as court-ordered mandatory initial discovery pursuant to the Court's inherent authority to manage cases, Rule 16(b)(3)(B)(ii), (iii), and (vi), and Rule 26(b)(2)(C)." (Doc. 4 at 3.)

reasonably available" to the parties. (*Id.* at 3-4.) "Parties must provide the requested information as to facts that are relevant to the claims and defenses in the case, whether favorable or unfavorable, and regardless of whether they intend to use the information in presenting their claims or defenses." (*Id.* at 4 ¶ 4.) "The parties also must provide relevant legal theories . . . ." (*Id.*; *see also id.* at 7 ¶ 4.) The parties are required to "serve supplemental responses when new or additional information is discovered or revealed" and to "file a notice of service of their initial responses and later supplements." (*Id.* at 5 ¶¶ 7-8.)

Because Plaintiff is "[a] party seeking affirmative relief," her initial MIDP responses were due "no later than 30 days after the first pleading filed under Rule 12(a)" in response to her complaint. (*Id.* at 5 ¶ 6.) The first (and only) pleading in this action filed under Rule 12(a) was Defendant's answer, which was filed on April 27, 2020. (Doc. 10.) Thus, Plaintiff's initial MIDP responses were due on May 27, 2020.

On April 27, 2020, the Court ordered the parties to confer and develop a Rule 26(f) Joint Case Management Report, the filing deadline for which was June 23, 2020. (Doc. 11 at 2.) The order clarified that it was Plaintiff's responsibility "to initiate the Rule 26(f) meeting and preparation of the Joint Case Management Report." (*Id.*)

On April 27, 2020, after Defendant filed its answer, Plaintiff filed a motion to remand (Doc. 12), which the Court denied for failure to challenge the grounds for removal (Doc. 13). On May 28, 2020, Plaintiff filed a motion seeking (1) a "waiver" of the requirement that a defendant be served with the complaint and (2) leave to amend to add new theories of damages and request new types of relief. (Doc. 14.) The Court denied the request that the requirement of service of process be "waived" by the Court as impermissible under Rule 4 and denied without prejudice the request for leave to amend for failure to adhere to LRCiv 15.1. (Doc. 15.) On June 22, 2020, Plaintiff filed a motion for summary judgment (Doc. 17), which the Court denied for failure to provide a basis for the motion. (Doc. 19 at 2.)

On June 22, 2020, Plaintiff also filed a "motion to submit individual case

management report," which accused Defendant of "noncompliance," "deliberately stall[ing]," and submitting a "pre-filled JCM form which basically says nothing and resolves nothing." (Doc. 16.) On June 23, 2020, Defendant filed an individual case management report, stating "counsel for Defendant attempted to meet and confer with Plaintiff Elise Kinsey by telephone and email on several occasions between June 4 and June 23, 2020 to develop a joint case management report, without success." (Doc. 18 at 1.) Defendant elaborated as follows:

> After several unsuccessful attempts to reach Plaintiff, counsel for Defendant prepared a draft joint case management report and emailed it to Plaintiff on June 15, 2020 and requested Plaintiff's review and input. After counsel for Defendant did not hear from Plaintiff, he contacted Plaintiff by email on June 19, 2020 and requested Plaintiff's input to the draft joint case management report. On June 22, 2020, Plaintiff emailed counsel for Defendant and stated she submitted her own case management report with the Court. Counsel for Defendant telephoned Plaintiff on June 23, 2020 to see if Plaintiff, nonetheless, would still be willing to prepare a joint case management report. Counsel for Defendant received Plaintiff's voicemail and to date has not heard back or received any input from Plaintiff on a joint case management report.

(*Id.* at 2.)

The Court allowed the parties to submit individual reports but noted disapproval for "whichever party or parties prevented compliance with the Court's order." (Doc. 19 at 2.)

On June 24, 2020, the Court issued a scheduling order, which set a deadline of April 30, 2021 for "final supplementation of MIDP responses and the completion of fact discovery, including discovery by subpoena." (Doc. 20 ¶ 5.)

On July 14, 2020, Defendant served its initial MIDP responses on Plaintiff.[3]

On September 17, 2020, Defendant filed a "notice of discovery dispute" noting that Plaintiff had yet to serve her initial MIDP responses, which were due May 27, 2020, and requesting an order "for Plaintiff to show cause as to why the case should not be dismissed for lack of prosecution." (Doc. 24 at 2.)

---

[3] Defendant's initial MIDP responses were not timely served. They were due on May 27, 2020. (Doc. 4 at 5 ¶ 6.) Defendant indicated in its Rule 26(f) report that its initial MIDP responses would be served "on or before June 30, 2020." (Doc. 18 at 4.)

On September 18, 2020, the Court directed Plaintiff to show cause why this action should not be dismissed due to, *inter alia*, her failure to provide her initial MIDP responses:

> The notice alleges that [Plaintiff] has not yet provided the mandatory initial disclosures required by General Order 17-08, which were due by May 27, 2020, and that [Plaintiff] has failed to respond to at least five emails and one phone call from [Defendant's] counsel concerning the missing disclosures. The emails attached to [Defendant's] notice seem to corroborate these allegations. Additionally, the docket reflects that [Plaintiff] has not yet filed proof of service of her mandatory initial disclosures, as she was required to do under Paragraph A(7) of General Order 17-08, and it appears that [Plaintiff] also failed to meet-and-confer with [Defendant] when formulating the Rule 26(f) report.

(Doc. 25 at 1 [citations omitted].)

The Court noted that it "has the inherent power to dismiss a case *sua sponte* for failure to prosecute," *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), and that "[w]hen considering whether to dismiss a case for lack of prosecution, the district court must weigh the court's need to manage its docket, the public interest in expeditious resolution of litigation, and the risk of prejudice to the defendants against the policy favoring disposition of cases on their merits, and the availability of less drastic sanctions," *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). (Doc. 25 at 2.) The Court ordered Plaintiff "to file a response showing why this action should not be dismissed without prejudice for failure to prosecute" and specifically directed her to provide "(1) the reason for [her] failure to confer with [Defendant] and provide timely MIDP responses, (2) the prejudice, if any, to [Plaintiff] if this case were dismissed without prejudice—particularly whether any statute of limitations would bar the case from being filed anew, and (3) [Plaintiff's] suggestions as to how the case may proceed expeditiously from this point forward, if the Court were to determine that dismissal is not an appropriate sanction at this time." (*Id.*) Additionally, the Court ordered Plaintiff to serve her MIDP responses and file proof of service. (*Id.* at 1-2.) Plaintiff's deadline to respond to the order to show cause, serve her MIDP responses, and file proof of service of her MIDP responses was October 2, 2020. (*Id.*) The Court ordered the Clerk of Court to

- 4 -

dismiss the complaint with prejudice and terminate the action if Plaintiff failed to comply in full. (*Id.*)

On October 2, 2020, Plaintiff filed a document entitled "Submission In Ex Parte," which was docketed as a response to the order to show cause. (Doc. 28.) As for the reason that her MIDP responses had not been served (and were, by then, 128 days late), Plaintiff stated that "[t]he most viable reason is: Judiciary order extending discovery conclusion dated April 23, 2021." (*Id.* at 1.) Plaintiff provided "[f]urther mitigating reasons," including (1) "financial setbacks . . . due to being [stranded] out in 115 degree temperatures for eight days (from approx. 07/30/2020 to 08/07/2020) which took a toll on Plaintiff's health," (2) technological issues caused by Google having twice "shut down" all of her accounts, and (3) library closures. As for prejudice that might arise from dismissal without prejudice, Plaintiff noted spoliation concerns—but she also stated she already has "recorded and obtained hours of recordings" substantiating her claims. Plaintiff did not provide suggestions as to how the case may proceed expeditiously from this point forward. Nor did Plaintiff file proof of service of her MIDP responses.

On October 5, 2020, the Court issued another order, which clarified that the deadline for serving initial MIDP responses had never been extended:

> The Court did not extend the deadline for providing initial disclosures under the MIDP. That deadline expired in May 2020. Although Plaintiff's response refers to the April 2021 deadline specified in the scheduling order, that is the deadline for the *completion* of fact discovery, not the deadline for providing initial MIDP disclosures.

(Doc. 29 at 2.)

The Court stated that, although it was "sympathetic to Plaintiff's financial and personal circumstances, as well as her frustration with dealing with technological issues," Defendants should not be "forced to wait indefinitely for discovery—particularly discovery that was due months ago." (*Id.* at 2-3.) The Court concluded that, although "there would be ample justification to dismiss this action at this juncture," Plaintiff would be "given one more opportunity to come into compliance." (*Id.* at 3.) This order required Plaintiff to "(1) provide her initial MIDP disclosures to Defendants . . . and (2)

- 5 -

file proof of service on the docket" by October 15, 2020. (*Id.* at 3.)[4]

Unfortunately, Plaintiff did not comply with this order, either. Plaintiff has not filed proof of service (or indeed, anything at all) on the docket. Instead, on October 13, 2020, Plaintiff mailed an "ex parte" letter to chambers. The letter is procedurally improper and difficult to decipher. It states:

> Plaintiff is requesting that this court supra, via federal court clerks cease to address plaintiff in an egregious manner. Comments continue to cast allegations that plaintiff is a liar, and has deliberately prevaricated truths concerning defendants lack of contact. Plaintiff has stated defendants two submissions of MIDP were received. Out of 1500 stored emails, plaintiff has received only one from Arman Nafisi. Plaintiff states that plaintiff liken unto most human beings with phone service, has an answering service app on plaintiff's phone.
>
> Furthermore, plaintiff understands that financial status due to deliberate stranding and poor health is of little concern to the court system. It seems to be of no concern to any help rendering entities pertaining to the plaintiff. Plaintiff profoundly states thanks to defendants and local authorities for that.
>
> Due to judicial denial of evidence and especially plaintiff's subpoena request. This court is knowingly allowing and allotting time for the defendants to destroy evidential video materials. Thank you!
>
> Plaintiff has been thrown out into the streets and treated like an animal by Maricopa County at large, for merely reporting a government employee's infraction. But this plaintiff will not tolerate any further beratement from any entity in this County. This plaintiff is not a drug addict: mental case: and/or alcoholic and refuses to be categorized as such, nor addressed or treated as such. By anyone! And…….. I AM NOT A LIAR!

A postscript requests the return of a flash drive that she submitted to the Court without leave to file a non-electronic exhibit.

Additionally, although the letter was accompanied by a document purporting to be Plaintiff's "Initial Disclosures Pursuant To [FRCP] 26," this document provided essentially no useful information (let alone the detailed information required under the MIDP). For example, it stated "none at this time" in the section requiring the identification of all witnesses likely to have discoverable information. It listed no documents, electronically stored information, or tangible things relevant to Plaintiff's

---

[4] Plaintiff filed two other motions on October 2, 2020, a "motion to submit subpoenas" (Doc. 26) and a "motion to submit evidence" (Doc. 27). Those motions were denied without prejudice because the Court "will not address any motions until Plaintiff comes into compliance with her MIDP obligations." (Doc. 29 at 4.)

claims. It provided no computation of damages. Even if proof of service had been filed, the purported responses are inadequate to the point of being a nullity.

Plaintiff's obligation to provide MIDP responses is a basic component of prosecuting her case, as is her obligation to communicate with opposing counsel. Plaintiff is not prosecuting her case in good faith.

Moreover, Plaintiff has repeatedly failed to comply with the Court's orders. "District courts have the inherent power to control their dockets and, in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), *as amended* (May 22, 1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Id.* at 1260-61. These are the same factors the Court considers when determining whether to dismiss a case for failure to prosecute. *Ash*, 739 F.2d at 496.

In light of the previous order-to-show-cause round and the many opportunities afforded Plaintiff to come into compliance, the Court finds that no less drastic alternative to dismissal is appropriate here, although dismissal *without* prejudice is a less drastic alternative to dismissal *with* prejudice. The public's interest in expeditious resolution of litigation and the Court's need to manage its docket outweighs the public policy favoring disposition of cases on their merits, under these circumstances. Furthermore, Plaintiff had the opportunity to demonstrate prejudice but did not adequately do so.

Plaintiff has now failed to comply with multiple court orders requiring her to disclose basic information to Defendants relevant to her claims. This information should have been disclosed five months ago. The Court has taken Plaintiff's *pro se* status into account by affording her several opportunities to correct her prior violations and by giving her ample warning that her failure to come into compliance might lead to the

dismissal of this action. Under the circumstances, she is not entitled to yet another warning.

Accordingly,

**IT IS ORDERED** that Plaintiff's claims are dismissed, without prejudice, as a sanction for plaintiff's failure to comply with court orders and failure to prosecute this action in good faith. The Clerk of Court shall enter judgment accordingly and terminate this action.

**IT IS FURTHER ORDERED** that the Clerk of Court return to Plaintiff, via U.S. mail, the flash drive that Plaintiff previously sent to chambers.

Dated this 20th day of October, 2020.

Dominic W. Lanza
United States District Judge